**WO**                                                                            RP

1

2

3

4

5

6                       **IN THE UNITED STATES DISTRICT COURT**

7                          **FOR THE DISTRICT OF ARIZONA**

8

9   Edward Charles Johnson,                  )    No. CV 08-478-PHX-MHM (GEE)
                                             )
10              Plaintiff,                    )    **ORDER**
                                             )
11  vs.                                       )
                                             )
12                                            )
    Schriro, et al.,                          )
13                                            )
                                             )
14              Defendants.                   )
                                             )
15  _____ )

16          Pending before the Court is "Plaintiff's Motion to Show Good Cause" (Doc. #6) and

17  "Plaintiff, Petitioner[']s Request for the producing of documents of essential Evidence (April

18  2, 2008 and May 7, 2008 parole board Revocation Tapes Transcripts)" (Doc. #7).  The Court

19  will deny the Motion to Show Good Cause and deny the Request for documents as moot.

20  **I.      Procedural Background**

21          On March 12, 2008, Plaintiff Edward Charles Johnson, who is confined in the Arizona

22  State Prison Complex-Lewis, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C.

23  § 1983 (Doc. #1).  Plaintiff did not pay the $350.00 civil action filing fee but filed a deficient

24  Application to Proceed *In Forma Pauperis* (Doc. #3).

25          By Order filed March 25, 2008 (Doc. #4), the Court denied the Application to Proceed

26  *In Forma Pauperis* and gave Plaintiff 30 days to pay the fee or file a new, completed

27  Application to Proceed *In Forma Pauperis*.  The Order directed the Clerk of Court to enter

28  a judgment of dismissal of this action without prejudice and without further notice to Plaintiff

if Plaintiff failed to either pay the $350.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* within 30 days.

When Plaintiff failed to comply with the Court's March 25, 2008 Order, the Clerk of Court entered a judgment of dismissal against Plaintiff on May 21, 2008 (Doc. #5), dismissing the Complaint and this action without prejudice.

**II.    Motion to Show Good Cause**

On May 27, 2008, Plaintiff filed "Plaintiff's Motion to Show Good Cause" (Doc. #6), in which he appears to be seeking reconsideration of the dismissal of this action for failure to comply with the Court's Order to either pay the $350.00 filing fee or file a completed Application to Proceed *In Forma Pauperis* within 30 days.

Because Plaintiff's Motion calls into question the correctness of the underlying judgment, the Court will treat the Motion as being brought under Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend judgment.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, after having considered the foregoing standards, and liberally reviewing this Court's judgment of dismissal filed May 21, 2008 (Doc. #5), the record in this case, and Plaintiff's Motion, the Court declines to reverse itself and set aside the judgment of dismissal in this case. The Complaint and this action were dismissed without prejudice for Plaintiff's failure to comply with the Court's Order filed March 25, 2008 (Doc. #4), which gave Plaintiff 30 days from the filing date of the Order to pay the fee or file a new, completed Application to Proceed *In Forma Pauperis*. Plaintiff has never complied with this Order.

In his Motion, Plaintiff alleges "on above Mar 26 and 27 of 08 the [P]laintiff was ordered to submit to the Court his six month trust account bank statement."[1] Plaintiff further

---

[1]The Court's Order (Doc. #4) was actually filed on March 25, 2008. Plaintiff may be confused because a similar Order was filed in one of his other cases, CV 08-551-PHX-MHM

1   alleges that he mailed Applications to Proceed *In Forma Pauperis* to the Court sometime

2   around "Mar 12, 08" but that "Defendants" failed to mail out his Applications and withheld

3   them for weeks beyond his "court deadlines," before calling him to the "Inmate Mail and

4   property" to remail them.[2]  Plaintiff claims that he failed to meet the Court-ordered deadline

5   "by no fault of his-self."

6          To comply with the Court's March 25, 2008 Order (Doc. #4) in this case, Plaintiff's

7   Applications to Proceed *In Forma Pauperis* would have needed to be filed by April 24, 2008.

8   Assuming Defendants held Plaintiff's Application for "weeks" after the deadline as Plaintiff

9   claims, his Application could still have been filed with the Court before the Clerk of Court

10  entered a judgment of dismissal on May 21, 2008 (Doc. #5), almost a month after the Court's

11  April 24, 2008 deadline.  No Application to Proceed *In Forma Pauperis* has ever been filed

12  in this case after the Court's March 25, 2008 Order.  Curiously, Plaintiff did manage to file

13  a new Application to Proceed *In Forma Pauperis* in his other case, CV 08-551-PHX-MHM

14  (GEE), on May 8, 2008.

15  **III.    Request for Production of Documents**

16         On July 7, 2008, Plaintiff filed "Plaintiff, Petitioner[']s Request for the producing of

17  documents of essential Evidence (April 2, 2008 and May 7, 2008 parole board Revocation

18  Tapes Transcripts)" (Doc. #7).  In light of the denial of Plaintiff's Motion, the Court will

19  deny Plaintiff's Request as moot.

20  **IT IS ORDERED:**

21         (1)     "Plaintiff's Motion to Show Good Cause" (Doc. #6), which the Court is

22  **treating** as being brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is

23  **denied**.

24  _____

25  (GEE), on March 27, 2008. Plaintiff has placed two case numbers on this Motion, the instant
    case number, CV 08-478-PHX-MHM (GEE), and the other case number of CV 08-551-PHX-

26  MHM (GEE).

27         [2]Although Plaintiff has attached copies of various documents to his Motion, none of

28  them appear to relate directly to the mailing of his Applications to Proceed *In Forma
    Pauperis*.

(2)      "Plaintiff, Petitioner[']s Request for the producing of documents of essential Evidence (April 2, 2008 and May 7, 2008 parole board Revocation Tapes Transcripts)" (Doc. #7) is **denied as moot**.

DATED this 25th day of July, 2008.

Mary H. Murguia
United States District Judge